UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
ARTHUR MERCER,

                           Plaintiff,

      -v.-                                        No. 1:11-CV-157
                                                      (GTS/DRH)

THOMAS K. PETRO, Attorney at Law,

                           Defendant.
--------------------------------------------------------------------------

**APPEARANCES:**

ARTHUR MERCER
Plaintiff Pro se
001646
Ulster County Jail
380 Boulevard
Kingston, New York   12401

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

     Presently before this Court is an application to proceed in forma pauperis and a civil rights complaint filed by Arthur Mercer ("plaintiff" or "Mercer").  Dkt. Nos. 1-2. Mercer has not paid any fee relating to this action.  Mercer does not seek monetary damages for the alleged deprivation of his constitutional rights.  It appears that Mercer is seeking removal of his trial counsel in a pending criminal matter in Ulster County Court.  Dkt. No. 1 at 5.

### II.  Initial Screening

    The Court has reviewed Mercer's *in forma pauperis* application.  *See* Dkt. No. 2. Because Mercer sets forth sufficient economic need, the Court finds that Mercer qualifies to proceed *in forma pauperis*.

Having found that Mercer meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  See id.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

## II.  Discussion

### A.  Defendant Thomas K. Petro

Mercer alleges ineffective assistance of counsel as to his defense attorney, Thomas K. Petro, the named defendant in this action.  Specifically, Mercer alleges that defendant Petro has, among other things, refused to challenge the legality of the indictment, file pretrial motions with the trial court, and summons witnesses.  Dkt. No. 1 at 4-5.

It is well-settled that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law. See, e.g., Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir.1997) (private attorney not a state actor law by virtue of his appointment by the court to represent a defendant in a state criminal proceeding); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir.1975) (private attorney not a state actor); Agron v. Douglas W. Dunham, Esq. & Assocs., No. 02 Civ.10071, 2004 WL 691682, at *3 (S.D.N.Y. Mar.31, 2004) ( "It is well-established that as a matter of law a private attorney is not a state actor." ); Cunningham v. Fisch, 01 Civ. 1123, 2001 U.S. Dist. LEXIS 17483, at *11 (S.D.N.Y. Oct. 26, 2001) (" '[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law' within the meaning of § 1983 ." ') (quoting Polk County v. Davidson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). Sullivan v. Stein, No. Civ. 3:03 CV 1203, 2004 WL 1179351, at *10 (D.Conn. May 21, 2004).

Accordingly, any claims as to defendant Petro should be dismissed.

### B. Habeas Corpus Relief

Mercer's complaint alleges ineffective assistance of counsel of his defense attorney. Claims of ineffective assistance of counsel may be brought in the form of a petition for habeas corpus relief pursuant to Title 28, U.S.C. § 2254. It appears that Mercer is incarcerated pending trial and that a final judgment has not been entered. Under § 2254, an individual may obtain habeas corpus relief if he or she is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may review a habeas corpus petition if it is timely filed. 28 U.S.C. § 2244(d). To be timely, a petition must be filed within one year after the date when the decision becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at (d)(1)(A). Here, it is premature for Mercer to seek habeas relief as a final judgment has not be entered.

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**RECOMMENDS** that plaintiff Mercer's complaint be **DISMISSED** as to all claims; and it is further

**ORDERED** that although Mercer qualifies to proceed *in forma pauperis,* his application is **DENIED** as moot in light of the Court's recommendation that this action be dismissed; and it is further

4

   **ORDERED** that the Clerk of the Court shall serve a copy of this Report-Recommendation and Order on Mercer by regular mail.

   Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C §636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: March  1, 2011

_David R. Homer_
United States Magistrate Judge