UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARTHUR MERCER,

                                  Plaintiff,

                                                                                  1:11-CV-0157 (GTS/DRH)

v.

THOMAS K. PETRO, Attorney at Law,

                                  Defendant.
_____

APPEARANCES:                                                  OF COUNSEL:

ARTHUR MERCER, 001646
  Plaintiff, *Pro Se*
Ulster County Jail
380 Boulevard
Kingston, New York 12401

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

Currently before the Court in this *pro se* civil rights action filed by Arthur Mercer ("Plaintiff") is United States Magistrate Judge David R. Homer's Report-Recommendation recommending that Plaintiff's Complaint be dismissed in its entirety for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A. (Dkt. No. 5.) For the reasons that follow, the Report-Recommendation is accepted and adopted, and Plaintiff's Complaint is dismissed in its entirety.

I.      **RELEVANT BACKGROUND**

      A.      **Plaintiff's Complaint**

On February 10, 2011, Plaintiff filed his Complaint. (Dkt. No. 1.) Generally, in his Complaint, Plaintiff claims that Thomas K. Petro ("Defendant") violated his rights under

unspecified provisions of the United States Constitution by failing to properly represent him concerning an indictment against him in Ulster County between December 2010 and February 2011.  (Dkt. No. 1, Attach. 6.)  More specifically, Plaintiff alleges that Defendant failed to (1) challenge the legality of the indictment, (2) file pretrial motions, and (3) obtain summonses for witnesses.  (*Id*.)  Plaintiff further alleges that the charges against him should have been dismissed because "it is well beyond six months for a speedy trial and over 245 day[s] that is chargeable," and that Defendant's failure to file pretrial motions has resulted in his continued wrongful imprisonment.  (*Id*.)  For a more detailed recitation of Plaintiff's claims, and the factual allegations that support those claims, the Court refers the reader to the Complaint and Magistrate Judge Homer's Report-Recommendation.  (Dkt. Nos. 1, 5.)

      **B.**      **Magistrate Judge Homer's Report-Recommendation and Plaintiff's Objections to the Report-Recommendation**

On March 1, 2011, Magistrate Judge Homer issued a Report-Recommendation recommending that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  Magistrate Judge Homer further advised Plaintiff that, to the extent he has attempted to assert a claim of ineffective assistance of counsel, such a claim, which must be pursued in a petition for habeas corpus relief under 28 U.S.C. § 2254, is premature because a final judgment has not be entered.  (Dkt. No. 5, *generally*.)

On April 20, 2011, after being granted an extension of time in which to do so, Plaintiff timely filed an Objection to the Report-Recommendation.  (Dkt. No. 8.)  In his Objection, Plaintiff repeats many of the allegations asserted in his Complaint, and argues that Magistrate Judge Homer erred in recommending the dismissal of his Complaint because Defendant's failure

to properly represent him amounts to a violation of his right to effective assistance of counsel under the Sixth Amendment.  (*See generally id.*)

## II.     STANDARD OF REVIEW

### A.     Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments made in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2]

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

      **B.**    **Standard of Review Governing a Dismissal Pursuant to 28 U.S.C. §§ 1915(e) and 1915(A)**

Magistrate Judge Homer correctly recited the legal standard governing a dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted.  Magistrate Judge Homer also correctly recited the standard governing petitions for writs of habeas corpus under 28 U.S.C. § 2254(a), and in particular, the standard governing when such petitions may be filed.  (Dkt. No. 5.)   As a result, these standards are incorporated by reference in this Decision and Order.

**III.**    **ANALYSIS**

As an initial matter, even when construed with the utmost of liberality, Plaintiff's Objections fail to specifically address Magistrate Judge Homer's recommendations.  Instead, Plaintiff's Objections simply repeat the allegations that give rise to his claims.  As a result, and for the reasons explained above in Part II.A. of this Decision and Order, the Court need review the Report-Recommendation for only clear error.

After doing so, the Court can find no error in the Report-Recommendation, clear or otherwise.  Magistrate Judge Homer employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*Id*.)  As a result, the Court adopts the

Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only two points. First, Magistrate Judge Homer's thorough and correct Report-Recommendation would survive even a *de novo* review. Second, generally, before a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1-2 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.). Here, even when the Court construes Plaintiff's Complaint with the utmost of special leniency, the Court finds that the referenced defects in that Complaint are substantive, not merely formal, such that any amendment would be futile.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety.

Dated: June 28, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge